UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF CALIFORNIA

In re

ROSA GONSALEZ PATLAN,             No. 12-11743

Debtor(s).
_____/

Memorandum on Motion to Dismiss
_____

      Debtor Rosa Gonsalez Patlan is a 65–year-old housekeeper. Her wages are her sole source of support. According to her schedules, her only significant asset is a modest home on Todd Road in Santa Rosa. Prior to bankruptcy, she was a defendant in a judicial foreclosure action in state court brought by creditor U. S. Bank. Somehow, Patlan allowed her default to be entered in the state court action. She filed her Chapter 13 petition on the eve of the Bank's application for entry of a judgment against her.

      The Bank's foreclosure action is based on deeds of trust to the Todd Road property which Patlan says were forged. The Bank concedes that Patlan's nephew was convicted of forgery of the same deeds of trust and was sentenced to prison as a result. Nonetheless, it seeks to have a judgment entered in its favor in state court. It has moved for dismissal of this Chapter 13 case, alleging it was filed in bad faith and that somehow this court lacks the constitutional authority to grant this woman relief.

      The court has no difficulty finding that this case was filed in good faith. She is attempting to

1

save her only asset from foreclosure. There are significant indications that the foreclosure action is based on fraudulent deeds of trust. She has retained responsible counsel is proceeding expeditiously to obtain confirmation of a plan. This court exists to afford persons relief in such situations.

It is true that a filing can be found to be in bad faith if it was filed on the eve of a state court action and there is no true intent to reorganize. However, a filing is not automatically considered bad faith just because it was on the eve of a state court hearing. Each case is judged on its own merits, and on the totality of the circumstances. *In re Goeb,* 675 F.2d 1386, 1390-91 (9th Cir. 1982); *In re Ellsworth,* 455 B.R. 904, 917 (9th Cir. BAP 2011). In this case, Patlan clearly has every intent to reorganize and her filing was clearly in good faith. She is not required, in the name of good faith, to stand by silently and lose her home.

The Bank does considerable damage to its credibility by arguing that the Supreme Court decision in *Stern v. Marshal* somehow militates in favor of dismissal. That case dealt with entry of a money judgment on a counterclaim to a claim, not a declaration of rights as to property of a bankruptcy estate. Proceedings to determine rights in estate property were part of a bankruptcy court's summary jurisdiction for a century before the Bankruptcy Code was even enacted. And even if *Stern* were applicable, the only consequence would be that the district court would treat this court's judgment as proposed findings and conclusions pursuant to District Court General Order 24.

For the foregoing reasons, the Bank's motion to dismiss this case will be denied. Counsel for Patlan shall submit an appropriate form of order.

Dated: August 25, 2012

Alan Jaroslovsky
U.S. Bankruptcy Judge